Russell A. WHITNEY and Kimco Marine, Inc., Plaintiffs,

v.

James VAN ROO and Florida Sailcraft, Inc., Defendants.

No. 81–6517–Civ.

United States District Court, S.D. Florida.

June 28, 1985.

DIRECTED VERDICT, FINDINGS OF FACT and CONCLUSIONS OF LAW

GONZALEZ, District Judge.

THIS CAUSE came on for trial before the undersigned Judge of the United States District Court in and for the Southern District of Florida, sitting with a jury, on April 3, 1985. The Court having heard the testimony offered on behalf of the plaintiff, having considered the exhibits introduced into evidence, having heard argument of

counsel, and having rendered a Judgment on the merits in favor of the defendants James Van Roo and Florida Sailcraft, Inc., by granting the defendants' motion for a directed verdict after the plaintiffs completed presentation of the evidence in their case pursuant to Rule 50(a), Fed.R.Civ.P., and further having rendered a Judgment in favor of defendants James Van Roo and Florida Sailcraft, Inc. and against plaintiffs Russell A. Whitney and Kimco Marine, Inc., now makes and enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

### GENERAL

1. This is an action under 35 U.S.C. § 271 for infringement of U.S. Patent 4,243,239 (Plaintiff's Exhibit 1), the Original Complaint was filed on September 21, 1981 and alleged infringement of U.S. Patent 4,243,239. The answer, affirmative defenses and counterclaim for invalidity and unfair competition by reason of the use of a fraudulently obtained patent was filed on November 17, 1981.

2. Russell Arthur Whitney of Fort Lauderdale, Florida, was the applicant and owner of the patent application filed September 29, 1978 for a catamaran beach dolly that issued as U.S. Patent 4,243,239. Whitney is now the sole owner of said U.S. Patent 4,243,239.

### INEQUITABLE CONDUCT AND FRAUD ON THE PATENT OFFICE

3. During the prosecution of the U.S. Patent 4,243,239, shown in Defendant's Exhibit 73, the Patent Examiner in the first Office Action dated November 19, 1979 cited a CAT–A–PULLER advertisement as material prior art reference, reference S Notice of References Cited Defendant Exhibit 73. The Patent Examiner rejected claims on the disclosure in the CAT–A–PULLER advertisement, page 2 paragraph 16 of November 19, 1979 Office Action. The CAT–A–PULLER advertisement was published Nov./Dec. 1976.

4. The CAT–A–PULLER advertisement, Defendant Exhibit 40 was the only disclosure of the CAT–A–PULLER before the patent examiner. The advertisement ad shows pictures of only the outside form of the CAT–A–PULLER dolly and provided no disclosure of the working relationship of internal parts or the relative movement of various parts of the actual CAT–A–PULLER device. The actual CAT–A–PULLER, a catamaran dolly, was not before the Patent Examiner.

5. Russell Arthur Whitney acknowledged that the CAT–A–PULLER advertisement, Defendant Exhibit 40, did not disclose that there were bearings in the rollers.

6. Russell Arthur Whitney acknowledged that the CAT–A–PULLER shown in the CAT–A–PULLER advertisement, Defendant Exhibit 40, could have operated with bearings between the sleeves and the axle instead of with bearings in the rollers.

7. Russell Arthur Whitney saw the CAT–A–PULLER catamaran dolly in operation on the beach prior to filing his patent application for U.S. Patent 4,243,239 on September 29, 1979.

8. Russell Arthur Whitney acknowledged his duty to disclose material prior art to the Patent Office in his declaration filed with his patent application, Defendant's File History Exhibit 73.

9. First, Russell Arthur Whitney did not disclose, when he first filed the patent application for Patent 4,243,239, his prior knowledge of the material prior art, CAT–A–PULLER catamaran dolly, Defendant Exhibit 66. Whitney did not disclose how the CAT–A–PULLER rollers moved relative to the supporting axle by the use of a bushing having an inner bearing surface.

10. Second, Russell Arthur Whitney did not disclose during the prosecution of the patent application for the 4,243,239 patent, his prior knowledge of the CAT–A–PULLER catamaran dolly and how it operated, even after the U.S. Patent Examiner cited the CAT–A–PULLER advertisement as material prior art when the Patent Examiner

rejected claims on the CAT–A–PULLER advertisement.

11. Third, Russell Arthur Whitney, the applicant, filed a misleading, false statement by amendment in response to the Patent Examiner's rejection based on the CAT–A–PULLER advertisement, Defendant Exhibit 40. The applicant falsely stated that the CAT–A–PULLER rollers had no bearing at all, page 3, lines 14 to 17, of the February 11, 1980 amendment, paper No. 4 of file history, Defendant Exhibit 73. The Patent Examiner thereafter dropped the CAT–A–PULLER catamaran dolly as a material prior art reference.

12. Fourth, Russell Arthur Whitney did not disclose the public use of an initial CAT–A–PULLER catamaran dolly, Plaintiff's photo Exhibit 8, and/or a second CAT–A–PULLER catamaran dolly, Plaintiff's Exhibit 12, prior to one year before the filing date of September 29, 1978 of Whitney's patent application for the 4,243,-239 patent. The patent application declaration by Whitney stated there was no public use or sale prior to one year from the date of the filing of said patent application.

13. Russell Arthur Whitney personally knew of the Office Action of November 19, 1979 by his acknowledgement in paragraph 2 of his 131 affidavit filed February 11, 1980 paper No. 5 in the file history, Defendant Exhibit 73.

14. The Plaintiff Whitney admitted that there were other prior art catamaran beach dollies that he did not disclose to the Patent Office.

15. The Plaintiffs presented no evidence that the CAT–A–PULLER catamaran dolly was an inoperable catamaran dolly. Russell Arthur Whitney stated that he knew that hundreds of the CAT–A–PULLER dollies were sold. The CAT–A–PULLER dolly was a local Fort Lauderdale, Florida product, see Defendant Exhibit 40.

## PUBLIC USE

16. Russell Arthur Whitney manufactured and built an initial CAT–TRAX catamaran dolly with the patent elements but including a handle as shown in Plaintiff's photo Exhibit 8.

17. The initial CAT TRAX catamaran dolly shown in the photos was constructed and used prior to May or June 1977.

18. Russell Arthur Whitney used the rollers and bearings from the initial CAT TRAX as shown in Plaintiff's photo Exhibits on the second CAT TRAX catamaran dolly, Plaintiff's Exhibit 12.

19. The second catamaran dolly Plaintiff's Exhibit 12 was completed in May or June 1977.

20. The initial CAT TRAX dolly shown in Plaintiff's photo Exhibits was used and exhibited on the Fort Lauderdale public beach in Florida for all to see, as shown in said photos. Said initial CAT TRAX was used in the early afternoon during a weekday on Fort Lauderdale's public beach before it was dismantled in May or June 1977.

21. The second CAT TRAX catamaran dolly, Plaintiff's Exhibit 12, was used and exhibited at the public beach at Rickenbacker Causeway in Miami, Florida for all to see early in 1977, over one year prior to filing the patent application for Patent 4,243,239 on September 29, 1978.

22. The second CAT TRAX catamaran dolly was transported to Rickenbacker Causeway more than one year before filing for the patent on Whitney's car top, car trunk top, or on a top of a catamaran trailer in view on public highways. The usual way Whitney transported the CAT TRAX was on top of the car roof or trunk or on a catamaran trailer.

23. Any finding of fact also deemed to be conclusion of law shall be considered conclusions of law.

## CONCLUSIONS OF LAW
### GENERAL

■ 1. This Court has jurisdiction and venue over the patent in suit, the counter claims and the parties.

2. The location of the rollers and bearings in the prior art CAT–A–PULLER dolly is material prior art.

3. Plaintiff Russell Whitney publicly used his invention more than one year prior to the filing of his patent application.

4. Plaintiff negligently failed to disclose to the Patent Office his recognition and use of prior art.

5. United States Patent 4,243,239 is invalid by reason of plaintiff Whitney's negligent omission; the prior art; and the public use more than one year before the filing of the patent application.